## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **TALMER BANK AND TRUST** | : | Case No. 2:15 CV 10648 |
| | : | |
| Plaintiff, | : | Judge: Steven J. Murphy III |
| | : | |
| vs. | : | |
| | : | |
| **NORMAN MALEK** | : | |
| | : | |
| Defendant. | : | |

### TALMER BANK AND TRUST'S ANSWER TO COUNTERCLAIM

Now comes Plaintiff Talmer Bank and Trust ("Talmer"), by and through the undersigned counsel, and for its answer to the Counterclaim of Defendant Norman Malek ("Malek") hereby admits, denies and avers as follows:

1.      Talmer admits that Malek has asserted a Counterclaim against Talmer, denies that the Counterclaim states valid claims and denies the remaining allegations in Paragraph 1 of the Counterclaim.

2.      In response to Paragraph 2 of the Counterclaim, Talmer admits that in September 2010, First Place Financial Corp. ("FPFC") received a "Report of Independent Registered Public Accounting Firm" from KPMG LLP relating to KPMG LLP's audit of First Place Financial Corp.'s consolidated financial statements as of and for the fiscal year ended June 30, 2010.

3.      In response to Paragraph 3 of the Counterclaim, Talmer admits that beginning in approximately late 2010, FPFC experienced financial distress and further admits that in October 2010, upon conclusion of an on-site examination of First Place Bank, the Office of Thrift Supervision ("OTS") orally informed FPFC that it was OTS's opinion that FPFC's allowance for loan losses was understated as of June 30, 2010.

4.      Talmer admits the allegations in Paragraph 4 of the Counterclaim.

5.      Talmer admits the allegations in Paragraph 5 of the Counterclaim.

6.      Talmer admits the allegations in Paragraph 6 of the Counterclaim.

7.      Talmer admits the allegations in Paragraph 7 of the Counterclaim.

8.      Talmer admits the allegations in Paragraph 8 of the Counterclaim.

9.      Talmer admits that First Place Bank sought to enter into the Change in Control Severance Agreement (the "CIC Agreement") with Malek and others because, among other reasons, First Place Bank wanted to retain key employees at a time in which First Place Bank was experiencing financial distress.  Talmer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Counterclaim and, therefore, denies those allegations.

10.      Talmer admits that the allegations in Paragraph 10 of the Counterclaim summarize basic provisions of the CIC Agreement.  By way of further response, Talmer states that the terms and conditions of the CIC Agreement are in writing and speak for themselves, and Talmer denies any allegations, whether express or implied, contained in Paragraph 10 that are inconsistent therewith.

11.      In response to Paragraph 11 of the Counterclaim, Talmer admits that the initial term of the CIC Agreement expired on June 30, 2012.  Talmer denies that the First Place Bank Board of Directors was obligated "to decide affirmatively whether to grant 'extension' or 'non-extension.'"  Talmer admits that the CIC Agreement indicated that "the Board will include the extension or non-extension in the minutes of the Board's meeting and will notify the Executive of any non-extension within thirty days following the board meeting."  By way of further response, Talmer states that the terms and conditions of the CIC Agreement are in writing and

speak for themselves, and Talmer denies any allegations, whether express or implied, contained in Paragraph 11 that are inconsistent therewith.

12.     In response to Paragraph 12 of the Counterclaim, Talmer admits that in or about July 2011, First Place Bank's Board of Directors conditionally approved an extension of certain CIC agreements, including Malek's, "subject to notice to and non-objection from the Office of Thrift Supervision, or its successor." Talmer avers that the condition to the extension did not occur, and therefore the CIC Agreement was not extended and expired pursuant to its terms on June 30, 2012. Talmer denies the remaining allegations in Paragraph 12 of the Counterclaim.

13.     Talmer admits the allegations in Paragraph 13 of the Counterclaim.

14.     Talmer admits the allegations in Paragraph 14 of the Counterclaim.

15.     Talmer admits that after the acquisition of First Place Bank by Talmer Bancorp, Inc., there were certain changes in the operations of First Place Bank and denies the remaining allegations of Paragraph 15 of the Counterclaim.

16.     Talmer denies the allegations of Paragraph 16 of the Counterclaim.

17.     Talmer admits that there were certain changes in Malek's day-to-day activities and reporting responsibilities, denies that those changes constituted Good Reason for termination under the CIC Agreement and denies the remaining allegations of Paragraph 17 of the Counterclaim.

18.     Talmer denies the allegations in Paragraph 18 of the Counterclaim.

19.     Talmer denies the allegations in Paragraph 19 of the Counterclaim.

20.     Talmer admits that the allegations in Paragraph 20 of the Counterclaim accurately quote Section 4(C)(ii) of the CIC Agreement and denies the remaining allegations of Paragraph 20 of the Counterclaim.

21.     Talmer denies the allegations of Paragraph 21 of the Counterclaim.

22.     Talmer admits that Malek was informed that the CIC Agreement had not been approved by the Office of the Comptroller of the Currency (the "OCC"), the successor to the Office of Thrift Supervision, and Talmer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Counterclaim and, therefore, denies those allegations.

23.     Talmer admits that Malek was informed on or about March 27, 2013 that the OCC had not approved the continuation of the CIC Agreements and that Malek's CIC Agreement was no longer in effect.   Talmer further admits that Malek executed an acknowledgement that his CIC Agreement was terminated.   Talmer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Counterclaim and, therefore, denies those allegations.

24.     Talmer admits that Malek did not leave his employment with First Place Bank within one year of the change in control, and Talmer denies that Malek would have been entitled to any payment under the CIC Agreement had he done so.   Talmer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Counterclaim and, therefore, denies those allegations.

25.     Talmer denies the allegations of Paragraph 25 of the Counterclaim.

26.     Talmer admits that an Arbitration Award was entered in or about August 2014, avers that that award is irrelevant and inadmissible in this Action, denies that Malek has fairly characterized that award and denies the remaining allegations in Paragraph 26 of the Counterclaim.

27.     Talmer denies the allegations of Paragraph 27 of the Counterclaim.

28.     Talmer denies the allegations of Paragraph 28 of the Counterclaim.

29.     Talmer denies the allegations of Paragraph 29 of the Counterclaim.

30.     Talmer denies the allegations of Paragraph 30 of the Counterclaim.

31.     Talmer denies the allegations of Paragraph 31 of the Counterclaim.

32.     Talmer admits that the allegations in Paragraph 32 of the Counterclaim summarize certain provisions of the CIC Agreement, denies that Talmer owes any amounts to Malek and denies the remaining allegations of Paragraph 32 of the Counterclaim.

33.     Talmer admits the allegations in Paragraph 33 of the Counterclaim.

34.     Talmer denies the allegations of Paragraph 34 of the Counterclaim.

35.     In response to Paragraph 35 of the Counterclaim, Talmer incorporates and restates its responses to the allegations in Paragraphs 1 through 34 as if fully rewritten herein.

36.     Talmer denies the allegations of Paragraph 36 of the Counterclaim.

37.     Talmer admits that Malek has accurately quoted a portion of Section 16 of the CIC Agreement and denies the remaining allegations of Paragraph 37 of the Counterclaim.

38.      In response to Paragraph 38 of the Counterclaim, Talmer incorporates and restates its responses to the allegations in Paragraphs 1 through 37 as if fully rewritten herein.

39.     The allegations in Paragraph 39 of the Counterclaim state legal conclusions to which no response is required.  To the extent a response is necessary, Talmer admits that Malek has accurately quoted portions of Ohio Rev. Code § 2913.43 and denies the remaining allegations of Paragraph 39.

40.     Talmer denies the allegations of Paragraph 40 of the Counterclaim.

41. The allegations in Paragraph 41 of the Counterclaim state legal conclusions to which no response is required. To the extent a response is necessary, Talmer denies the allegations of Paragraph 41.

42. The allegations in the first sentence of Paragraph 42 of the Counterclaim state legal conclusions to which no response is required. To the extent a response is necessary, Talmer denies the allegations in the first sentence of Paragraph 42. Talmer denies the allegations in the second sentence of Paragraph 42 of the Counterclaim.

43. Talmer denies each and every allegation in the Counterclaim not specifically admitted herein and further denies that Malek is entitled to the relief requested or any relief whatsoever.

**WHEREFORE**, having fully answered the Counterclaim, Plaintiff Talmer Bank and Trust requests that this Court deny Malek's claims for relief of any kind, dismiss Malek's Counterclaim with prejudice, enter judgment in favor of Talmer, award Talmer its costs, expenses and fees (including attorneys' fees) in defending the Counterclaim, and otherwise provide Talmer with any and all other further relief that this Court deems just.

## TALMER BANK AND TRUST'S AFFIRMATIVE DEFENSES TO COUNTERCLAIM

1. The Counterclaim fails to state a claim upon which relief can be granted with respect to some or all of Malek's claims.

2. Malek's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

3. Malek's claims are barred on the basis of accord and satisfaction, payment and/or release.

4.      Malek's claims are barred on the basis of impracticality, impossibility and/or illegality of enforcement of the CIC Agreement.

5.      Malek's claims are barred by his failure to satisfy notice requirements and conditions precedent established by the CIC Agreement.

6.      Malek's claims are barred because Section 15 of the CIC Agreement requires that his claims be settled exclusively by arbitration.

7.      Malek's claims are barred, in whole or in part, to the extent Malek failed to mitigate the damages alleged in the Counterclaim.

8.      Malek's damages, if any, must be set off against the amounts paid to him by Talmer and/or First Place Bank.

9.      Talmer reserves the right to amend its Answer and Defenses to conform to such facts as may be revealed in discovery or otherwise.

Respectfully submitted,

/s/ Kenneth Rich
Kenneth Rich (P38349)
krich@richandcampbell.com
Timothy Kaufman (P75347)
tkaufman@richandcampbell.com
RICH & CAMPBELL, P.C.
30665 Northwestern Highway, Suite #201
Farmington Hills, Michigan 48334
Telephone: (248) 406-8000

Robert F. Ware (*app. for admission pending*)
Rob.Ware@ThompsonHine.com
Martin J. Mackowski (*app. for admission pending*)
Martin.Mackowski@ThompsonHine.com
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone:  (216) 566-5500
Attorneys for Talmer Bank and Trust